IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00842-MEH-BNB

JANICE W. McGREW LIVING REVOCABLE TRUST, *et al.*,

    Plaintiffs,

v.

ANADARKO LAND CORPORATION, *et al.*,

    Defendants.

## ORDER ON MOTION FOR REMAND

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiffs have filed a Motion for Remand to State Court Based Upon a Lack of Subject Matter Jurisdiction and Request for Attorney's Fees (Docket #12) (Motion to Remand). Defendant has filed a response, and the matter is briefed. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion to Remand is **denied.**

## BACKGROUND

Defendants allege that Janice McGrew died in Colorado in 1994. The Janice W. McGrew Living Revocable Trust owns real property. The Plaintiffs contend that Defendants, who own mineral rights on Plaintiffs' lands, exceeded the reasonable use of the lands and trespassed. Defendants allege that Plaintiff John Phillipi, trustee of the Janice W. McGrew Living Revocable Trust, is a citizen of Florida, while Defendants are citizens of Nebraska, Texas, and Delaware. Plaintiff does not contest these allegations.

In the present motion, Plaintiffs allege that (1) there is a lack of diversity of citizenship; (2) Defendants have not met the requirements of amount in controversy for purposes of removal under

diversity of citizenship; (3) the probate exception precludes federal court jurisdiction; and (4) the Court should exercise its discretion to remand this action because of the subject matter of this case.

## DISCUSSION

**I.      Standard of Review.**

Plaintiffs seek remand under 28 U.S.C. § 1447(c). Section 1447(c) specifically allows district courts to order remand if there has been a "defect in removal procedure," or if it determines, at any time prior to final judgment, that it "lacks subject matter jurisdiction." Removal statutes should be strictly construed, and all doubts must be resolved against removal. *See Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1097 (10th Cir. 2005). The removing party has the burden of establishing federal court jurisdiction. *E.g., Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006).

**II.     Grounds for Remand.**

     A.     <u>Diversity of Citizenship</u>

Defendants allege that a trust and its trustee are citizens of the state in which the trustee resides. The Court agrees. *E.g., Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Thus, Plaintiffs are citizens of Florida, while none of the Defendants are. Even under Plaintiff's theory, Plaintiffs are citizens of Colorado, while none of the Defendants are.[1] This argument by the Plaintiffs provides no basis for a remand.

---

[1] Plaintiffs' only argument supporting remand relies not upon the citizenship of *any party*, but upon an overly technical argument that, although the Notice of Removal alleged that the parties *are* diverse, Defendants were required to allege that the parties *were* diverse at the time of the filing of the Complaint in the state court. By separate Order this date, Defendants are being permitted to amend their Notice of Removal. *See Newlin v. Dickey*, No. 89-A-64, 1989 WL 18125 (D. Colo. Feb. 27, 1989) (Arraj, J.) ("Although the federal courts have limited jurisdiction, where jurisdiction has been granted by Congress it should not be defeated on overly-technical grounds. . . . Therefore, where, as in the instant case, the record reveals that the court has removal jurisdiction, the case should not be remanded because the Notice of Removal was ineptly drafted.") (citing *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 470 (10th Cir. 1963).

B.     Amount in Controversy

Plaintiffs allege that they did not affirmatively state an amount in controversy in their Complaint and, thus, there is insufficient basis for Defendants to establish the $75,000 jurisdictional limit for removal based on diversity. Defendants cite *Henderson v. Target Stores*, __ F. Supp.2d __, 2006 WL 831115 (D. Colo. Mar. 29, 2006) in support of the argument that the Plaintiffs' execution of the civil cover sheet in the Colorado state court, on which Plaintiffs stated that they were seeking over $100,000 in judgment, sufficed for jurisdictional purposes under the removal statutes. The Court agrees. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364, (7th Cir. 1993) ("In the context of removal jurisdiction, [there is a doctrine that] has come to be known as the 'artful pleader' doctrine, in which a state court plaintiff may not simply omit from the complaint the *words* that would expressly call federal questions into play, in an effort to escape the reality that the plaintiff's lawsuit necessarily implicates federal questions."). The Supreme Court has required that a claim has "a sufficient federal character to support removal." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981) (discussing the "artful pleading" rule). *See also Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp.2d 990, 994 (E.D. Mo. 2001) (collecting cases addressing plaintiff's artful pleading on the issue of amount in controversy). Further, based on this line of cases, the Court may consider evidence that a reasonable verdict would well exceed $75,000. Defendants have established that fact here, arguing without challenge that Plaintiffs allege that their valuable real estate (worth in the hundreds of thousands of dollars) has been rendered useless by Defendants' actions. Accordingly, the amount in controversy will not provide grounds for remand to state court.

C.     Probate Exception

Plaintiffs contend that the probate exception to federal court jurisdiction bars removal here, because federal courts must not interfere with challenges to the probate of an estate. Defendants allege that under

*Marshall v. Marshall*, 126 S. Ct. 1735 (2006), the probate exception would not bar federal jurisdiction here.  The Court agrees.  The *Marshall* Court held:

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court.  But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Id.* at 1748.  It is clear to this Court that the present lawsuit falls "outside the confines" of the administration of a decedent's estate or of the disposal of property in the custody of a state probate court.  The *Marshall* case involved a tort claim, as does the present case.  In *Marshall*, the plaintiff sought an *in personam* judgment,[2] as do the Plaintiffs here, although Plaintiffs also add a claim to quiet title, which the United States Supreme Court also classifies as *in personam*.  *E.g., Nevada v. United States*, 463 U.S. 110, 143-44 (1983); *Arndt v. Griggs*, 134 U.S. 316, 322 (1890).[3]  Therefore, the probate exception to federal court jurisdiction does not bar removal to this Court.

D.   Court's Exercise of Discretion

Plaintiffs present no persuasive argument why the Court should remand this case, especially in light of the precedent discussed above.  This Court is familiar with issues involving trespass to land and quiet

---

[2] "Trespass actions . . . are clearly in personam actions."  *Hallaba v. Worldcom Network Servs., Inc.*, 196 F.R.D. 630, 646-47 (N.D. Okla. 2000).  *See also Hayes v. Gulf Oil Corp.*, 821 F>2d 285 (5th Cir. 1987) (same); *Rogers v. Clipper Cruise Lines, Inc.*, 650 F. Supp. 143 (D. Colo. 1986) (Carrigan, J.).  These same courts find that trespass actions may be "local," as opposed to "transitory," actions.

[3] Plaintiffs contend that the Colorado Rules of Civil Procedure would classify a quiet title action as *in rem*.  The state rules of civil procedure will not apply in this action.  *E.g., R.N. Robinson & Son, Inc. v. Ground Improvement Techniques*, 31 F. Supp.2d 881, (D. Colo. 1998) (Kane, S.J.) ("As there are no federal causes of action, state law supplies the legal standards to be applied to the parties' substantive legal claims. . . .  Procedural issues, by contrast, are governed by the Federal Rules of Civil Procedure."); *Hill v. United States*, 751 F. Supp. 909, (D. Colo. 1990) (Babcock, J.) ("I apply Colorado state substantive . . . law and federal procedural law. . . .").  *Cf. Fastenau v. Engel*, 129 Colo. 440, 445 (1954) (Rule 105 does not change Colorado substantive law).

title actions, and the context of a trust owning the land and bringing the action does not render this lawsuit one of particular state interest. There is no evidence of record that this matter was before the state court in probate; rather, all indications are that this action was simply what it is pleaded to be: One for trespass and to quiet title, both of which are matters falling within the general jurisdiction of the state court, rendering this case appropriate for removal upon establishment of the jurisdictional prerequisites for diversity jurisdiction. Accordingly, the Court declines to exercise its discretion to remand this action because of the subject matter of this case.

### III.     Request for Attorneys Fees and Costs

Under the provisions of 28 U.S.C. § 1447(c), the Plaintiffs seek reimbursement of all costs and disbursements, to include reasonable attorneys fees, incurred by reason of the removal proceedings if they are successful in this motion and this matter is remanded to state court. As demonstrated by the preceding section, however, the Plaintiffs have not prevailed in their motion, and therefore, are not entitled to such an award.

### CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby ORDERED that Plaintiffs' Motion for Remand to State Court Based Upon a Lack of Subject Matter Jurisdiction and Request for Attorneys Fees [Filed June 2, 2006; Docket #12] is **denied.**

Dated at Denver, Colorado, this 19th day of July, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge