IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00842-MEH-BNB

JANICE W. McGREW LIVING REVOCABLE TRUST, *et al.*,

    Plaintiffs,

v.

ANADARKO LAND CORPORATION, *et al.*,

    Defendants.

_____

**ORDER ON MOTION TO AMEND NOTICE OF REMOVAL**
_____

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendants have filed a Motion to Amend Notice of Removal (Docket #14). The matter is fully briefed. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Motion to Amend is **granted.**

## BACKGROUND

Defendants allege that Janice McGrew died in Colorado in 1994. The Janice W. McGrew Living Revocable Trust owns real property. The Plaintiffs contend that Defendants, who own mineral rights on Plaintiffs' lands, exceeded the reasonable use of the lands and trespassed. Defendants allege that Plaintiff John Phillipi, trustee of the Janice W. McGrew Living Revocable Trust, is a citizen of Florida, while Defendants are citizens of Nebraska, Texas, and Delaware. Plaintiff does not contest these allegations.

In a separate motion, Plaintiffs requested that this case be remanded because, among other reasons, in their Notice of Removal Defendants did not allege a lack of diversity of citizenship existed at the time of the filing of the Complaint in state court. Arguing that this is a technical defect that

should not result in remand, Defendants now move to amend their Notice of Removal to allege that the parties were of diverse citizenship at the time of the filing of the Complaint.

## DISCUSSION

The Court does not agree with Plaintiffs' characterization of the prevailing law. For example, Plaintiffs argue that under *Jackson v. Allen*, 132 U.S. 27 (1889), failing to allege, in the notice of removal, that the parties were of diverse citizenship at the time of the filing of the Complaint, is fatal and "cannot be cured by amendment." What the *Jackson* Court found instead was that at *no time* -- including through trial and through the Supreme Court litigation -- was the citizenship of the parties "sufficiently shown," and therefore, that removal was appropriate. The opinion had nothing to say about any technical requirements concerning factual allegations that must appear in a notice of removal, or whether amendment of the notice of removal is appropriate while the case is at the trial court level. Moreover, in the present case, citizenship of the parties has been sufficiently shown.

Further, Plaintiffs maintain that strict construction of removal jurisdiction is inconsistent with permitting amendment of the Notice of Removal. The Court disagrees. For example, in *Whitelock v. Leatherman*, 460 F.2d 507 (10th Cir. 1972), the court emphasized that "[a] federal court's jurisdiction must clearly appear from the face of a complaint or removal petition," and the court's "jurisdictional limitations . . . must be strictly construed and applied." *Id.* at 514. However, in the interest of conserving judicial resources, the court permitted the plaintiff to file, within 20 days of the court of appeals' decision, a verified amendment to the complaint alleging that at the time of the filing of the complaint, plaintiff and defendants were of diverse citizenship. *Id.* at 515. It is clear to this Court that the Tenth Circuit, like most courts, take a more pragmatic view of strict construction than the Plaintiffs' opposition would suppose. More recent Tenth Circuit authority confirms this fact. *Cf.*

*Okland Oil v. Knight*, 92 Fed. Appx. 589, 608 (10th Cir. 2003) ("Where the pleadings are found wanting, an appellate court may review the record for evidence that diversity exists.") (citing *Whitelock*).

Finally, as noted in the Court's Order denying Plaintiff's Motion for Remand, courts should not allow an overly technical view of the pleading requirements concerning a notice of removal to negate the true facts of citizenship established by the record. Accordingly, based on the record before the Court, amendment of the Notice of Removal is appropriate.

## CONCLUSION

Based on the foregoing, and the entire record herein, it is hereby ORDERED that Defendants' Motion to Amend Notice of Removal [Filed June 15, 2006; Docket #14] is **granted**. On or before July 26, 2006, the Defendants shall file an Amended Notice of Removal, which conforms with the proposed changes set forth in paragraph 3 of the Defendants' Motion to Amend, with the office of the Clerk of this Court in accordance with the District of Colorado Electronic Case Filing ("ECF") Procedures.

Dated at Denver, Colorado, this 19th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge