**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 06-cv-00842-MEH-BNB

JANICE W. McGREW LIVING
REVOCABLE TRUST, JON
PHILLIPPI, TRUSTEE,

    Plaintiff,

vs.

ANADARKO LAND CORPORATION, *et. al.* ,

    Defendants.

**ORDER AND DISMISSAL OF ACTION WITH PREJUDICE, EACH PARTY TO PAY
ITS OWN COSTS AND ATTORNEY FEES**

This matter comes before the Court on the "Joint Motion for Entry of Order and Dismissal of Action with Prejudice, Each Party to Pay its Own Costs and Attorney Fees," filed by the Plaintiff, Janice W. McGrew Living Revocable Trust, Jon Phillippi, Trustee ("McGrew Trust") and Defendants, Anadarko Land Corporation, Anadarko Petroleum Corporation, and Anadarko E&P Company, LP (collectively "the Anadarko Defendants"). The McGrew Trust and the Anadarko Defendants consented to the exercise of jurisdiction by a United States Magistrate Judge on June 30, 2006, and the Court has subject matter jurisdiction of this action. The court has reviewed the joint motion [**Filed May 22, 2007; Docket #50**] and does hereby **grant** the relief requested therein. Accordingly, it is hereby ORDERED that:

    1.    Plaintiff filed this action seeking declaratory and other relief relating to a Surface Owners Agreement ("SOA") dated April 2, 1997 that it entered into with the fee mineral owner,

1

Union Pacific Land Resources Corporation, predecessor in interest to Anadarko Land Corporation, and related to oil and gas operations conducted on Plaintiff's surface, located in the South One Half of Section 31, Township 6 South, Range 62 West, Elbert County, Colorado ("S/2 of Section 31"). The mineral estate has been severed from the surface estate in the S/2 of Section 31. The Anadarko Defendants own interest in the mineral estate. Plaintiff McGrew Trust owns the surface of the S/2 of Section 31 but does not own any of the underlying oil, gas or other minerals.

2. K.P. Kauffman Company, Inc. is a lessee and the current operator of record of two oil and gas wells located on the S/2 of Section 31: the UPRR-Amoco #31-12 Well located in the NWSW of Section 31, and the UPRR-Amoco # 31-14 Well located in the SESW of Section 31. Upon the final plugging and abandonment of these two wells by K.P. Kauffman Company, Inc. in accordance with the rules and regulations of the Colorado Oil and Gas Conservation Commission, the SOA shall be deemed terminated according to its terms and shall no longer be in effect.

3. The Anadarko Defendants and their successors and assigns, as owners of mineral interests in the S/2 of Section 31, shall continue to have rights to make reasonable use of the surface of the property to explore for, develop and produce oil, gas and other minerals subject to Colorado's common law doctrine of reasonable accommodation and other applicable law, rules and regulations in effect.

4. In addition to any notice required by Colorado statutes, rules or regulations, the McGrew Trust, or its successors and assigns as the case may be, shall provide written notice to the Anadarko Defendants thirty (30) days prior to filing any Application for Surface Development, as defined in paragraph 5 below, covering any portion of the S/2 of Section 31, and the McGrew Trust and the Anadarko Defendants, or their successors and assigns, shall then negotiate in good faith to reach a mutually agreeable surface use agreement to allow for the compatible future development of the mineral and surface estates. The written notice required above is in addition to the obligation of the applicant under C.R.S.§ 24-65.5103 to send notice, by first class mail, to the mineral estate owner not less than thirty days before the date scheduled for the initial public hearing by a local government on an Application for Surface Development, specifying the time and place of the initial public hearing, the nature of the hearing, the location of the property that is the subject of the hearing, and the name of the applicant. In the event the parties cannot agree to an surface use agreement, the dispute shall be handled in accordance with C.R.S. § 24-65.5-104.

5. "Application for Surface Development" as used herein shall mean an application for a preliminary or final plat for a subdivision, a planned unit development or any other similar land use designation that is used by a local government. "Application for Surface Development" includes applications for general development plans and special use permits where such applications are in anticipation of new surface development, but does not include building permit applications, adjustments, applications for platting of an additional single lot, applications for lot

3

site plans, or applications with respect to electric lines, natural gas pipelines, steam pipelines, chilled or other water pipelines, or appurtenances to said lines or pipelines.

6. The McGrew Trust shall provide a copy of this Order to any purchaser of any portion of its property in the S/2 of Section 31 prior to assigning and conveying any portion of such property to any third party. This Order may be filed in the real property records with the clerk and recorder's office in Elbert County, Colorado, and the obligations of the parties under paragraph 4 shall be deemed covenants that run with the land, and shall be binding on the parties and their successors and assigns.

6. All claims asserted in this action are hereby dismissed with prejudice, each party to pay its own costs and attorney fees.

Dated at Denver, Colorado, this 23rd day of May, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge